

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 18, 1962

Major General Thomas S. Bishop
Adjutant General of Texas
Austin, Texas

Opinion No. WW-1390

Re: Whether under Article 5845(a),
Vernon's Civil Statutes, the
State is liable for pay and
allowances and payment for
medical treatment due to a
Texas National Guardsman as
a result of illness contract-
ed in line of duty, under
the fact situation given.

Dear General Bishop:

You have asked this office for an opinion as to whether
under Article 5845(a), Vernon's Civil Statutes, the State is
liable for pay and allowances and payment for medical treatment
due to a Texas National Guardsman as a result of illness con-
tracted in line of duty, under the fact situation given.

On May 31, 1962, Major Hollowell, a member of Head-
quarters, 136th Air Defense Wing, Texas Air National Guard,
with headquarters at U.S.Naval Air Station, Dallas, Texas,
was ordered to attend field training exercises at the Head-
quarters of said Wing, and was then further ordered to perform
duties with the Adjutant General's Department, Camp Mabry,
Austin, Texas. While performing duties in Austin Major Hollo-
well developed an eye ailment, for which he was treated at Berg-
strom Air Force Base Hospital as an out-patient. On June 15,
1962, Major Hollowell's training period ended, and he was per-
mitted to return to his home. Treatment for his eye ailment
was continued with a specialist in Tyler, under whose care
Major Hollowell remains at this time.

Major Hollowell is an attorney, and the doctors who
have treated him have rated him as 100% disabled for the dura-
tion of the eye condition. A formal line of duty investigation
was conducted upon the order of the Adjutant General, and it
was determined that the disease of Major Hollowell was incurred

in the line of duty, and was not the result of misconduct.

Further information was supplied, to the effect that, under the authority of 32 U.S.Code §319(b)(2), the Federal Government is paying for all of the medical services provided to Major Hollowell.

Article 5845(a), Vernon's Civil Statutes, reads as follows:

"(a)  Every member of the military forces of this State who shall be wounded, disabled or injured, or who shall contract any disease or illness, in line of duty while in the service of this State in case of riot, tumult, breach of the peace, resistance to process, invasion, insurrection, or imminent danger thereof, or whenever called upon in aid of the civil authorities, or when participating in any training formation or activity under order of the commanding officer of his unit, or while traveling to or from his place of duty in such instances, shall be entitled to and shall receive, or be reimbursed for, hospitalization, rehospitalization, and medical and surgical care in a hospital and at his home appropriate for the treatment of such wounding, disability, injury, disease or illness, and necessary transportation incident thereto until the resulting disability cannot be materially improved by further hospitalization or treatment, and shall receive the same pay and allowance whether in money or in kind, to which he was entitled at the time when the injury was incurred or the disease or illness contracted, during the period of his disability but not for more than a total of six (6) months after the end of his tour of duty, and in the event of his death in such cases, his estate shall be entitled to any reimbursement for which the deceased would have been entitled and to his accrued pay and allowances and compensation or reimbursement for actual funeral expenses not to exceed the sum of Five Hundred Dollars ($500), such compensation or reimbursement, as well as the cost of carrying out the other provisions of this Article, shall be paid out of any funds in the State Treasury available to or appropriated for the use of the military forces of this State in the same manner provided for other expenditure of State funds; provided, however, that no compensation or reimbursement shall be paid in any case where the same is payable under the provisions of any Federal law or regulation."

Major Hollowell was participating in an activity under order of his commanding officer, and was in the line of duty when he contracted his illness.  Under the plain meaning of the statute above quoted he is thus entitled to payment for his medical care, and to continuation of his pay and allowances during the period of his disability.  Such pay and allowances cannot, however, be paid for a period longer than six (6) months after the end of his originally assigned tour of duty, which in this particular case was June 15, 1962.  The Federal Government has assumed the duty of making payment for the medical services provided to Major Hollowell; the State may not make further payments in this area.  However, under Federal regulations /Paragraph 50157d(1)(a), Air Force Manual 177-105/, Major Hollowell is not entitled to receive pay and allowances from the Federal Government.  Under the statute above quoted, the State is obligated to furnish him pay and allowances only up until such time as his disability is removed, or six (6) months after June 15, 1962, whichever date occurs sooner.  At this point it must be noted that Major Hollowell became eligible for an increased longevity payment on June 23, 1962.  This increment may not be included in the amount paid to him under Article 5845(a), by virtue of the phrase ". . . and shall receive the same pay and allowance whether in money or in kind, to which he was entitled at the time when the injury was incurred or the disease or illness contracted . . ."  (Emphasis supplied).

## S U M M A R Y

Under Article 5845(a), Vernon's Civil Statutes, Major Billie G. Hollowell is entitled to receive payment for medical services rendered, plus pay and allowances during his period of disability, such period not to exceed six (6) months.  Since the Federal Government is paying for the medical serivces involved, those are not payable by the State.  Major Hollowell is thus entitled to receive from the State of Texas the pay and allowances to which he was entitled at the time the disease or illness was contracted, such amount to be paid for the duration of his disability,

Maj. Gen. Thomas S. Bishop, page 4.   (WW-1390)

or for six (6) months after June 15, 1962, whichever date occurs first.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Malcolm L. Quick
Assistant

MLQ:ms:zt

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Frank R. Booth
Scranton Jones
Robert Rowland
William E. Allen

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore